**STATE of Missouri ex rel. STATE HIGHWAY COMMISSION, Plaintiff-Appellant,**

v.

**Emil W. GREUB and Elizabeth Greub, his wife, Defendants-Respondents.**

No. 22616.

Kansas City Court of Appeals.

Missouri.

Oct. 7, 1957.

Robert L. Hyder and Minor C. Livesay, Jefferson City, and Alden S. Lance, Savannah, for appellant.

Louis V. Stigall, St. Joseph, and James H. Pettijohn, Oregon, for respondents.

CAVE, Judge.

This suit was instituted by the State Highway Commission to condemn a right of way across defendants' land. The court appointed commissioners to assess the damages and benefits, and in due time they filed report allowing no damages. Defendants filed exception and the issue of damages was tried to a jury, resulting in a verdict for the defendants in the sum of $2,865.80. The commission filed a motion for new trial which was overruled on condition that the defendants file remittitur in the sum of $865.80. This was done and judgment entered for $2,000, and the commission perfected its appeal.

The only error preserved is that the judgment is so excessive that it "demonstrates bias and prejudice on the part of the jury against the commission"; and "is not supported by substantial evidence."

The defendants own a tract of land of approximately 40 acres located in the Missouri river bottom in Andrew County. It is not precisely square east and west and north and south, but for clarity we shall refer to it as such, because the irregular lines are of no importance in the question before us.

Defendants did not live on this tract, but it was occupied by their daughter and son-in-law. Defendants lived on another farm nearby. The residence, barn, brooder, chicken house and garage were located in the southeast corner of the tract and immediately adjacent to a county gravel road which extended northward along the base of a levee for a considerable distance and then turned slightly to the northwest and left this tract at the northwest corner. There was approximately 4 acres lying north of this gravel road. From the residence, the gravel road extended eastward across a levee, and railroad tracks, and connected with a high type blacktop highway. The distance from the residence to this connection was 800 to 1,000 feet. In other words, defendants' land was already being served by an all-weather road. The new right of way, as condemned, entered defendants' land at the southeast corner and proceeded, behind the buildings on the farm, northwestward entirely across the tract to the northwest corner. The right of way was 120 feet in width, and appropriated 4.14 acres. The highway department was abandoning the old gravel road and apparently it would revert to the owner of

the tract although that is not made clear from the record. There was evidence that the rock and gravel on the old road was 3 to 4 feet deep, at least in some places.

After the location of the new right of way, defendants' farm would be divided, with approximately 11 acres north and east of the right of way, and approximately 27 acres south and west. Then there is about 2 acres in the southwest corner which is detached from the remainder of the tract by a county road. It is not made clear whether that portion of the county road is to be abandoned.

Defendants produced eight witnesses, and all but two were farmers owning land nearby. One witness was a banker and insurance man and owned land near defendants, and another was a real estate broker and loan agent. They were all questioned about the type and kind of defendants' farm, its location, the location of the new right of way, and its effect upon drainage and general use of the farm; also, the reasonable market value of the land before and after condemnation. There was no objection to the qualification of any of these witnesses or to the elements which they took into consideration in expressing their opinion as to the damage done. For this reason, it is unnecessary to detail the testimony of each witness.

They all valued the land at from $200 to $225 an acre before the condemnation. They varied in their opinion of the valuation after condemnation ranging from approximately $2,000 to $4,000.

The highway commission produced seven witnesses. The first was the district highway engineer, who described in detail the location of the new right of way, and the type of road to be constructed, and identified a plat and the various measurements and distances about which there is no dispute. He disagreed with some of the defendants' witnesses concerning the drainage question. His final conclusion on that controversial issue was, "We don't hurt it any." There were also five farmers living

in that general community, and two real estate agents (who had inspected the land for purpose of testifying), who testified concerning the value of the land before and after it was taken. These witnesses placed the value of the land before condemnation at from $150 to $175 per acre, and they all gave it as their opinion that the location of the new road would increase the value of defendants' tract. Their testimony does not make clear just what special benefits this land would receive because of the new location; but since no question is raised relative to the competency of the evidence, we need not pursue that question.

From what we have said, it is perfectly apparent that there was sharp conflict in the evidence concerning the damages, if any, done to this land because of the new location. The evidence was introduced without objection as to the qualification of the witnesses or the competency of the testimony. Under such circumstances, this court cannot weigh the evidence or undertake the hopeless task of reconciling the conflicting opinions. That is the function of the jury. The trial court saw the witnesses, heard the evidence, and exercised its right and discretion in ordering a remittitur, and then entered a judgment for the defendants. There is no basis for the contention that there is no substantial evidence to support the judgment; or that the verdict "demonstrates bias and prejudice on the part of the jury."

The appellant cites State ex rel. State Highway Commission v. Baumhoff, 230 Mo. App. 1030, 93 S.W.2d 104, in support of its contentions. In that case, the defendants' tract of land of 80 acres was completely surrounded by property owned by others, and without any outlet or connection with a public highway, except by a private road. The new right of way crossed this tract, thereby making it accessible to a high type road. The evidence was conflicting as to whether the tract had been damaged more than it had been benefited. The jury found no damages. In affirming the judgment, the court said (93 S.W.2d 113): "The verdict

of the jury having been approved by the learned trial judge, whose province it was to pass on the weight of the evidence, and we, as a reviewing court, having no such authority, but by finding, as we do, substantial testimony to support the verdict, it follows that the judgment of the trial court should be affirmed, * * *". That is the precise situation in the present appeal.

Defendants filed a motion to dismiss the appeal because, first, plaintiff's brief was not filed within the time required by the rules; and second, because the brief does not contain a fair and concise statement of the facts. The brief was not filed within the time required, but we extended the time within which defendants could file their brief. Also appellant's brief may be somewhat deficient in the statement of the facts; nevertheless, it is sufficient to give this court an understanding of the issues presented. Under such circumstances, we prefer to dispose of the case on the merits. The motion is overruled.

From what we have said, the judgment should be affirmed. It is so ordered.

All concur.

MAUGHMER, C., not participating.